FILED

07 JUL 12 PM 2:19

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR BRAVO,<br><br>　　　　　Petitioner,<br><br>v.<br><br>J. MARSHALL, Warden,<br><br>　　　　　Respondent. | Civil No.   07-1069 JM (BLM)<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE** |

On February 27, 2007, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254,[1] together with a request to proceed in forma pauperis in the United States District Court for the Northern District of California. He also filed a petition for mandamus on May 7, 2007. On June 4, 2007, the case was transferred to this Court.

---

[1] This is not the first petition for habeas corpus filed by Bravo in this Court. On June 22, 2004, Petitioner filed a petition for habeas corpus in case number 04cv1267 W (NLS). That petition was dismissed without prejudice on July 9, 2004 for failing to exhaust state judicial remedies. (*See Bravo v. DeCarlo*, Case No. 04cv1237, July 9, 2004 Order, Doc. No. 3). On September 28, 2004, Petitioner filed another petition for habeas corpus in case number 04cv1958. That case was dismissed without prejudice for failure to complete his state direct appeal proceedings. (*See Bravo v. Gordon*, 04cv1958 BEN (AJB) Order filed April 20, 2004, Doc. No. 26.) On October 7, 2004, Petitioner filed a petition for habeas corpus in case number 04cv2019 L (LSP). That case was dismissed without prejudice for failure to state a cognizable claim. (*See Bravo v. Gordon*, 04cv2019 L (LSP) Order filed Oct. 12, 2004, Doc. No. 3.) On January 1, 2005, Petitioner filed a petition for habeas corpus in case number 05cv0016 L (JFS), which was dismissed without prejudice as duplicative of case number 04cv1958. (*See Bravo v. Prunty*, 05cv0013 L (JFS) Order filed Jan. 20, 2005, Doc. No. 2.) On August 15, 2005, Petitioner filed another petition for habeas corpus which was denied without prejudice for failure to state a cognizable claim. (*See Bravo v. Marshall*, 06cv1653 H (Wmc) Order filed Aug. 30, 2006, Doc. No. 2.)

## REQUEST TO PROCEED IN FORMA PAUPERIS

As noted above, Petitioner filed a request to proceed in forma pauperis. According to his prison trust account statement, Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## FAILURE TO STATE A COGNIZABLE CLAIM

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254. *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). Here, Petitioner has violated Rule 2(c). Although Petitioner does not fail to state generalized constitutional grounds for relief, he does fails to provide specific factual allegations in support of such grounds.

While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. *Cf. Burkey v. Deeds*, 824 F. Supp. 190, 193 (D. Nev. 1993) (finding that courts do not have entire onus of creating federal claim for petitioner). The Court finds that the Petition contains conclusory allegations without any specific facts in support of relief. A federal court may not entertain a petition that contains allegations which are conclusory.

This Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of the Petition and its numerous attachments. In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, <u>in the petition</u>, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).

Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to assert appropriate objections and defenses.

Due to Petitioner's unsatisfactory showing, the Court dismisses the action without prejudice. Should Petitioner decide to file a new petition, he is advised to *clearly and succinctly state all grounds for relief using the First Amended Petition form sent to Petitioner with this order*.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's request to proceed in forma pauperis and **DISMISSES** the petition for failure to state cognizable claims for relief. Petitioner's Petition for Mandamus filed in the District Court for the Northern District of California is **DISMISSED** as moot. In order to have this case reopened, Petitioner must submit a First Amended Petition that cures the deficiencies outlined above **no later than September 5, 2007**. *For Petitioner's convenience, the Clerk of Court shall attach a blank First Amended Petition for to this Order.*

**IT IS SO ORDERED.**

DATED: 7/11/07

Jeffrey T. Miller
United States District Judge